HARRY M. HIRSCHMAN, APPELLEE, V. THOMAS J. CASEY, APPELLANT.

FILED JULY 2, 1931. No. 27750.

*Malcolm Baldrige* and *Viggo Lyngby*, for appellant.

*Webb, Kelley & Lewis, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

PER CURIAM.

The Blue Cab and Five and Ten Cent Cab Company was organized on or about January 29, 1923, with Harry

M. Hirschman, plaintiff, and Thomas J. Casey, defendant, as the sole directors and officers thereof. The plaintiff and the defendant each, at the time, owned 40 shares of stock in the company. On or about December 21, 1928, the defendant paid into the treasury $1,500, under a written agreement, and he received 15 shares of stock therefor in addition to the 40 shares already owned by him. As a part of the same transaction it was agreed that the plaintiff should have the option of purchasing 7½ of the 15 shares so issued to the defendant for the purpose of equalizing the shares of stock owned by each of the parties herein. The plaintiff alleges that on or about May 9, 1929, he elected to exercise the option of purchasing the 7½ shares of the 15 shares of stock issued to Casey, and that he duly tendered $750 in payment thereof, but that defendant refused to accept the offer and refused to sell and transfer to the plaintiff the 7½ shares of stock. The trial court held that the plaintiff is entitled to the specific performance of the contract in suit and the court also held that the 7½ shares of stock are not procurable in the open market. The defendant has appealed.

Under the terms of the agreement, the option to purchase the 7½ shares of stock was to expire one year from the date thereof. The contract, as noted above, is dated December 21, 1928, and the plaintiff's offer to purchase the stock was made on or about May 9, 1929, within the time specified in the contract. The defendant contends that the contract is without consideration, but we think there was sufficient consideration to validate the option agreement. It is provided therein that, in consideration of the defendant purchasing the 15 shares of stock, he was to have full power to conduct the business as president and general manager, until otherwise agreed. Nor do we find merit in the contention that the minds of the parties did not meet on the essential terms of the contract and the conditions outlined therein. The evidence fairly discloses that the terms were mutually agreed upon and un-

derstood by the parties thereto and the defendant therefore should comply with the terms of the agreement on his part to be performed.

The judgment is affirmed on condition that the plaintiff, within 30 days of this date, pay into this court for the use of the defendant the sum of $750, together with interest thereon at the rate of 7 per cent. from the date of the decree in the trial court.

AFFIRMED ON CONDITION.